**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PEDRO MONTOYA-LONGORIA,

    Defendant-Appellant.

No. 99-1512
(D.C. Nos. 99-M-1940 &
98-CR-248)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

    Defendant-Appellant Pedro Montoya-Longoria seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny a certificate of appealability, and dismiss the appeal.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Montoya-Longoria pled guilty to a violation of 8 U.S.C. § 1326(b)(2), reentry subsequent to deportation after a prior conviction for commission of an aggravated felony. His sentence of 57 months' imprisonment was affirmed on appeal. See United States v. Montoya-Longoria, No. 98-1404, 1999 WL 317458 (10th Cir. May 20, 1999) (unpublished disposition). Mr. Montoya-Longoria filed a pro se 28 U.S.C. § 2255 habeas petition on October 5, 1999, arguing that his counsel was ineffective in failing to challenge the use of his prior state crime as a prior aggravated felony conviction for purposes of 8 U.S.C. § 1326(b)(2). Mr. Montoya-Longoria also alleged his counsel was ineffective for failing to obtain a downward departure in the plea agreement. The district court denied Mr. Montoya-Longoria's § 2255 motion. On appeal, Mr. Montoya-Longoria raises only the issue of his counsel's ineffectiveness in failing to challenge the use of his prior state conviction. The basis of Mr. Montoya-Longoria's argument is that his prior state crime should not have been included as a prior conviction under 8 U.S.C. § 1326(b)(2).

Mr. Montoya-Longoria did not raise the issue of the use of his prior state crime on direct appeal. Therefore, he is procedurally barred from raising it in a § 2255 motion unless he establishes cause for the default and prejudice therefrom, or that manifest injustice will result if the claim is barred. See United States v. Frady, 456 U.S. 152, 164-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United

States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). In light of Mr. Montoya-Longoria's claim of ineffective assistance of counsel based on the omission of this issue from his direct appeal, we consider whether the issue has such merit that its omission would have constituted ineffective assistance excusing the procedural default. See Cook, 45 F.3d at 392. We conclude that it does not.

Mr. Montoya-Longoria's 57-month sentence for violating 8 U.S.C. § 1326(b)(2) was predicated on his reentry subsequent to deportation after a prior conviction for an aggravated felony. He was sentenced pursuant to U.S.S.G. §2L1.2, which establishes a base offense level of 8 for unlawfully entering or remaining in the United States, and provides for a 16-level increase if the defendant previously was deported after a criminal conviction for an aggravated felony. Aggravated felony is defined to include a crime of violence. See 8 U.S.C. § 1101(a)(43)(F). Mr. Montoya-Longoria's prior state conviction was for aggravated assault with a deadly weapon. See Plea Agreement, at 3 (Aug. 4, 1998). This prior conviction falls within the definition of a crime of violence. See 18 U.S.C. § 16; U.S.S.G. §4B1.2. Under U.S.S.G. §4B1.2, a crime of violence means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Mr. Montoya-Longoria's prior state conviction was thus appropriately included as

a prior conviction under 8 U.S.C. § 1326(b)(2). Mr. Montoya-Longoria therefore cannot demonstrate that his claim has sufficient merit that its omission constituted ineffective assistance, excusing the procedural default.

Mr. Montoya-Longoria's application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge